PHILLIP A. TALBERT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>                   v.<br><br>RODOLFO VALDIVIA,<br>SUSA CHA,<br>ANTONIO ZAMORA,<br>FRANCISCO CASTILLO ALCARAZ, AND<br>HUGO RAFAEL GAYTAN LOPEZ,<br><br>                         Defendants | CASE NO.  1:20-CR-00235-JLT-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>CURRENT DATE: April 20, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for status conference on April 20, 2022.  On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.  Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and other General Orders were entered to address public health

concerns related to COVID-19 (for example, General Order 614—recently extended by General Order 640).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

1  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

2  justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

3  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

4  pretrial continuance must be "specifically limited in time").

5  <center>**STIPULATION**</center>

6  Plaintiff United States of America, by and through its counsel of record, and the Defendants, by

7  and through their counsel of record, Mr. Aed, Mr. Grantham, Mr. Chavez, Mr. Torres, and Mr. Hawkins,

8  hereby stipulate as follows:

9  1.      By previous order, this matter was set for status on April 20, 2022.

10  2.      By this stipulation, defendants now move to continue the status conference until August

11  3, 2022, and to exclude time between April 20, 2022, and August 3, 2022, under Local Code T4.

12  3.      While the parties anticipate that the case may resolve without a trial, this is not yet a

13  certainty.  If defendants ultimately do not enter guilty pleas and decide to proceed to trial, the parties

14  agree and stipulate, and request that the Court find the following:

15  a)      The government asserts the discovery associated with this case includes reports,

16  photographs, and numerous recordings.  Initial discovery has been provided to all counsel and

17  the government is currently processing additional discovery for production.  The government is

18  aware of its ongoing discovery obligations.

19  b)      The government is waiting for approval to extend plea offers for all defendants.

20  In the interim, the government will provides its estimated guidelines calculations for each

21  defendant to his respective counsel

22  c)      Counsel for the defendants desire additional time to consult with their clients, to

23  review the current charges, to conduct investigation and research related to the charges, to review

24  and/or copy discovery for this matter, to discuss potential resolutions with their clients, to

25  prepare pretrial motions, and to otherwise prepare for trial.

26  d)      Counsel for defendants believe that failure to grant the above-requested

27

28  ---
[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)     The government does not object to the continuance.

f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 20, 2022, to August 3, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 12, 2022                    PHILLIP A. TALBERT
                                         United States Attorney


                                         /s/ JESSICA A. MASSEY
                                         JESSICA A. MASSEY
                                         Assistant United States Attorney


Dated:  April 12, 2022                            /s/ MICHAEL J. AED
                                         MICHAEL J. AED
                                         Counsel for Defendant
                                         RODOLFO VALDIVIA


Dated:  April 12, 2022                            /s/ REED B. GRANTHAM
                                         REED B. GRANTHAM
                                         Counsel for Defendant
                                         SUSA CHA

1

2

Dated:  April 12, 2022

/s/ VICTOR M. CHAVEZ

3

VICTOR M. CHAVEZ

Counsel for Defendant

4

ANTONIO ZAMORA

5

6

Dated:  April 12, 2022

/s/ DAVID A. TORRES

DAVID A. TORRES

7

Counsel for Defendant

FRANCISCO JAVIER CASTILLO

8

ALCARAZ

9

Dated:  April 12, 2022

/s/ EARLY M. HAWKINS

10

EARLY M. HAWKINS

Counsel for Defendant

11

HUGO RAFAEL GAYTAN LOPEZ

12

**ORDER**

13

14

IT IS SO ORDERED.

15

16

17

DATED:  4/13/2022

18

*Sheila K. Oberto*

Hon. Sheila K. Oberto

19

U.S. Magistrate Judge

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5